# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
### No. 18-0748V
### Filed: July 30, 2019
UNPUBLISHED

CAMI PERRY,

                            Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                            Respondent.

Special Processing Unit (SPU); Joint
Stipulation on Damages; Influenza
(Flu) Vaccine; Shoulder Injury
Related to Vaccine Administration
(SIRVA)

*Diana Lynn Stadelnikas, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.*
*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

**Dorsey**, Chief Special Master:

On May 29, 2018, petitioner filed a petition for compensation under the National
Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine
Act").  Petitioner alleges that she suffered a shoulder injury related to the vaccine
administration ("SIRVA") casually related to the influenza vaccination she received on
October 1, 2016.  Petition at ¶¶ 1, 8; Stipulation, filed July 30, 2019 at ¶¶ 1-2, 4.
Petitioner further alleges she received the influenza vaccination in the United States,
that she suffered the residual effects of her injuries for more than six months, and that
neither she nor any other person has filed a civil action or received compensation for
her injuries, alleged as vaccine caused.  Petition at ¶¶ 1, 9, 12-13; Stipulation at ¶¶ 3-5.
"Respondent denies that the flu immunization is the cause-in-fact of petitioner's alleged
SIRVA and/or any other injury." Stipulation at ¶ 6.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website.
**This means the decision will be available to anyone with access to the internet.**  In accordance with
Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information,
the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the
undersigned agrees that the identified material fits within this definition, the undersigned will redact such
material from public access. Because this unpublished decision contains a reasoned explanation for the
action in this case, undersigned is required to post it on the United States Court of Federal Claims'
website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal
Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for
ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. §
300aa (2012).

Nevertheless, on July 30, 2019, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **the undersigned awards** the following compensation:

> **A lump sum of $85,000.00 in the form of a check payable to petitioner**. Stipulation at ¶ 8.  This amount represents compensation for all items of damages that would be available under § 15(a).  *Id.*

The undersigned approves the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

CAMI PERRY,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

No. 18-748V
Chief Special Master Nora Beth Dorsey
ECF

**STIPULATION**

The parties hereby stipulate to the following matters:

    1.  Cami Perry ("petitioner") filed a petition for vaccine compensation under the National

Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program").

The petition seeks compensation for injuries allegedly related to petitioner's receipt of an

influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"),

42 C.F.R. § 100.3(a).

    2.  Petitioner received a flu vaccine on or about October 2, 2016, in her left deltoid.

    3.  The vaccine was administered within the United States.

    4.  Petitioner alleges that the flu vaccine caused her to develop a left-sided shoulder

injury related to vaccine administration ("SIRVA") and that she experienced residual effects of

this injury for more than six months.

    5.  Petitioner represents that there has been no prior award or settlement of a civil action

for damages as a result of her condition.

6. Respondent denies that the flu immunization is the cause-in-fact of petitioner's alleged SIRVA and/or any other injury. Respondent further denies that petitioner's alleged injury qualifies as a Table injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$85,000.00** in the form of a check payable to petitioner. This amount represents all compensation for damages that would be available under 42 U.S.C. § 300aa-15(a) for injuries allegedly related to petitioner's receipt of the flu vaccine.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and on behalf of her heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on or about October 2, 2016, as alleged by petitioner in a petition for vaccine compensation filed on or about May 29, 2018, as amended on September 19, 2018, in the United States Court of Federal Claims as petition No. 18-748V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

3

15.  If the special master fails to issue a decision in complete conformity with the terms

of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

decision that is in complete conformity with the terms of this Stipulation, then the parties'

settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.  This Stipulation expresses a full and complete negotiated settlement of liability and

damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except

as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the

parties hereto to make any payment or to do any act or thing other than is herein expressly stated

and clearly agreed to.  The parties further agree and understand that the award described in this

Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the

items of compensation sought, is not grounds to modify or revise this agreement.

17.  This Stipulation shall not be construed as an admission by the United States or the

Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged SIRVA

and/or any other injury.

18.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's

heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/

4

Respectfully submitted,

**PETITIONER:**

**CAMI PERRY**


**ATTORNEY OF RECORD FOR
PETITIONER:**

DIANA L. STADELNIKAS
MAGLIO CHRISTOPHER & TOALE, PA
1605 Main Street, Suite 710
Sarasota, FL 34236
(941) 952-5242


**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146


**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

*Ward Sorensen for*

TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857


**ATTORNEY OF RECORD FOR
RESPONDENT:**

RYAN D. PYLES
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-9847


Dated: July 30, 2019

5